Greg L. Goddard, Wyo. Bar # 5–1252
GODDARD, WAGES & VOGEL, P.C.
412 North Main Street
Buffalo, Wyoming 82834
Telephone: (307) 684-9595
Facsimile:  (307) 684-9285
E-mail: gwv@wyoming.com
COUNSEL FOR THE PLAINTIFFS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

**(1)** BLACK DIAMOND ENERGY PARTNERS 2001-A LTD.,
**(2)** BLACK DIAMOND ENERGY PARTNERS 2001-B LTD.,
**(3)** BLACK DIAMOND ENERGY PARTNERS 2002-A LTD.,
**(4)** BLACK DIAMOND ENERGY PARTNERS 2002-B LTD.,
**(5)** BLACK DIAMOND ENERGY PARTNERS 2003-A LTD.,
**(6)** BLACK DIAMOND ENERGY PARTNERS 2003-B LTD.,
**(7)** BLACK DIAMOND ENERGY PARTNERS 2004-A LTD.,
**(8)** BLACK DIAMOND ENERGY PARTNERS 2004-B LTD.,
**(9)** BLACK DIAMOND ENERGY PARTNERS 2005-A LTD.,
**(10)** BLACK DIAMOND ENERGY PARTNERS 2005-B LTD.,
**(11)** BLACK DIAMOND ENERGY PARTNERS 2005-C LTD.,
**(12)** BLACK DIAMOND ENERGY PARTNERS 2006-A LTD.,
**(13)** BLACK DIAMOND ENERGY PARTNERS 2006-B LTD.,
**(14)** BLACK DIAMOND ENERGY PARTNERS 2007-A LTD.,
**(15)** BLACK DIAMOND ENERGY PARTNERS 2007-B LTD.,
**(16)** BLACK DIAMOND ENERGY PARTNERS 2008-A LTD.,
**(17)** BLACK DIAMOND ENERGY PARTNERS 2008-B LTD.

Plaintiffs,

vs.

**(1)** S&T BANK,

Defendant.

**Case No: 10–CV-00192-NDF**

(*Removed from Johnson County, WY Civil Action No. CV–2010-0114*)

## PLAINTIFFS' MOTION TO REMAND AND BRIEF IN SUPPORT

Plaintiffs, pursuant to 28 U.S.C. § 1447(c), hereby move this Court to enter an order

remanding this civil action back to the District Court of Johnson County, Wyoming, where it was

originally, and properly, commenced.  Plaintiffs also seek reimbursement of the costs and attorneys' fees they have incurred in the wrongful removal of that action.  In support, Plaintiffs would show the Court as follows.

## **INTRODUCTION**

This is a lender liability action in which only state law claims have been raised or are implicated.  It was commenced by Wyoming-based limited partnership Plaintiffs against the bank their managing general partners utilized, Defendant S&T Bank ("Defendant"), for damages the partnerships sustained when Defendant overreached, seized control of their general partners' assets, accounts and affairs in order to shore-up the bank's collateral position, all to the detriment of the limited partnerships.  In no instance in Plaintiffs' state court *Complaint* **[Dkt #2]** do they assert a federal claim for relief or base any of their claims upon a federal question. As part of the general averments of fact contained in their *Complaint*, Plaintiffs did allege that Defendant's holding company, S & T Bancorp, had received $108,676,000 in Troubled Asset Relief Program ("T.A.R.P.")[1] funds.  *See* <u>*Complaint*</u> ¶ 42 ("Paragraph 42"); however, that allegation is completely ancillary to the real gist of the Plaintiffs' state law claims.

Seizing on this general and otherwise innocuous averment, and despite the fact that not a single claim appearing on the face of Plaintiffs' well-pled *Complaint* depends upon T.A.R.P. or the EESA for its existence or sought any recovery based upon an alleged refusal to loan T.A.R.P. funds, Defendant removed the state court action to this forum on the basis that Paragraph 42

---

[1]    The Troubled Assets Relief Program, or T.A.R.P., was established within Congress' recent enactment of the Emergency Economic Stabilization Act of 2008, 12 U.S.C. §§ 5201 *et seq.*, ("EESA") at *id.* §§ 5211-41.

somehow establishes federal question jurisdiction under 28 U.S.C. § 1331 and within the meaning of *id.* § 1441(b).  Defendant's removal efforts, however, ignored controlling precedent. Plaintiffs' cause of action entails purely state-law claims, and removal based upon a purported federal claim that Defendants have attempted to *write into* Plaintiffs' *Complaint* was patently improper.  Plaintiffs' action must be remanded to the state court where it was originally, and properly, filed, and Plaintiffs should be awarded their expenses incurred as a result of the improvident removal.

## PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

1.      On August 6, 2010, Plaintiffs filed their *Complaint* in Wyoming state court, the District Court for the fourth judicial district in Johnson County.

2.      In their *Complaint* Plaintiffs, who reside and have their principal places of business, operations and substantial assets, including real property and mineral interests, within Johnson County, Wyoming and whose managing general partners are also within the state (*Complaint* ¶¶ 1-2), sought judgment against Defendant, a Pennsylvania bank, for its malfeasance and wrongful acts that occurred when it seized control of their debtors' affairs and stepped into their shoes as managing general partners of the Plaintiff limited partnerships.[2]

3.      In particular, Plaintiffs raised seven separate and distinct state law claims for relief against Defendant for negligence/gross negligence, breach of fiduciary duty, breach of the

---

[2]      For clarification, the lender-creditor/borrower-debtor relationship existed between Defendant and the managing general partners of the Plaintiff limited partnerships, namely Black Diamond Energy, Inc. ("BDE"), and Black Diamond Energy of Delaware, Inc. ("BDED").  *Complaint* ¶¶ 9-25.  Defendant's acts and omissions impacted not only its borrower-debtors (BDE and BDED) but also the Plaintiff limited partnerships of whom its borrower-debtors served as managing general partners under limited partnership agreements.

duty of good faith and fair dealing, intentional interference with contractual relations, business expectancy and prospective economic advantage, slander of title, breach of contract, and indemnification/contribution.  _Complaint_ ¶¶ 96-146.

4.      All claims for relief alleged in the _Complaint_ are state law claims which are neither grounded in the laws of the United States nor depend upon federal law for their existence.

5.      In Part II of the _Complaint_, containing general averments of fact and entitled "_Facts Common to All Claims_," Plaintiffs made a single, general allegation in Paragraph 42 that Defendant's holding company, S & T Bancorp, had received T.A.R.P. funds:

> Prior to this time, on or about January 16, 2009, Defendant's holding company, S & T Bancorp, received $108,676,000 in TARP (Troubled Asset Relief Program) bailout funds from the United States Treasury Department. One of the main purposes of the Treasury Department's payout of TARP funds to financial institutions such as Defendant was to encourage these banks to resume lending again at levels seen before the financial crisis had begun, not only to consumers but also to businesses. Upon information and belief, Defendant had and continues to have full access to S&T Bancorp's TARP bailout funds and has repaid nothing to the Treasury Department in connection with its bailout.

_Complaint_ ¶ 42.   By making this general averment Plaintiffs did not, and certainly never intended to, allege that Defendant bore any liability to Plaintiffs for misuse of T.A.R.P. monies or failing to loan T.A.R.P. funds to Plaintiffs' general managing partners, BDE and BDED.

6.      On or about September 13, 2010, Defendant filed its _Petition and Notice of Removal_ **[Dkt #1]** with this Court.

7.      Defendant's removal was based entirely upon 28 U.S.C. §§ 1331 and 1441(b), premised upon the contention that a disputed federal question existed between the parties

because the averments of Paragraph 42 somehow show that "Plaintiffs['] claims arise under federal government Public Law 110-343…." *Petition and Notice of Removal* ¶¶ 5-6.[3]

8.      Because the general averments contained in Paragraph 42 did not transform, and could not ever have transformed, Plaintiffs' state-law action into a federal question, and because the EESA, specifically T.A.R.P., does not provide and never has provided a private right of action, subject matter jurisdiction is lacking and the Court must remand the action to the state court action where it was first filed.

<u>**ARGUMENTS AND AUTHORITIES**</u>

I.      <u>**THIS ACTION MUST BE REMANDED BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION.**</u>

A.      *Removal Jurisdiction, Generally.*

Under 28 U.S.C. § 1441, a defendant in a state court action may remove that case to federal court "when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Housing Authority v. Johnson* 404 F.3d 1245, 1247 (10th Cir.2005) (citing *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987)). That party bears the burden of

---

[3]    At this Court's direction, Defendant subsequently filed a *Statement of Facts Concerning Removal* **[Dkt #6]**.  In that *Statement*, Defendant elaborated further on its basis for removing Plaintiffs' state law action to this forum under 28 U.S.C. §§ 1331 1441(b).  The averments contained in Defendant's *Statement* concerning the allegations and the basis of the allegations made by Plaintiffs in their state court *Complaint* need not be addressed in this Motion except to highlight the significant efforts Defendant makes to *interject* or *write-in* a federal question into Plaintiffs' well-pled *Complaint* that alleged nothing but a state law cause of action.  *See, e.g.*, *Statement* ¶ 5, where Defendant contends "Plaintiffs have alleged that Defendant received money from…[T.A.R.P.]…and violated contractual as well as fiduciary duties to Plaintiff by not lending TARP monies to Plaintiffs in accordance with the alleged purpose of the TARP program," when—to the contrary—Plaintiffs' claims for breach of fiduciary duty and breach of contract were specifically premised upon other malfeasance, acts and omissions and absolutely no allegation of liability related to use of T.A.R.P. monies.  *Complaint* ¶¶ 109-16 (fiduciary duty), ¶¶ 137-42 (contract).

demonstrating his removal was appropriate. *Shockley v. City of Waurika*, 2010 WL 3081528 at

*2 (W.D.Okla.) (citing *Baby C v. Price,* 138 Fed.Appx. 81, 83 (10th Cir.2005), itself citing

*McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). The burden is a heavy

one, not only because removal statutes must be construed narrowly (*id.* citing *Pritchett v. Office*

*Depot, Inc.,* 420 F.3d 1090, 1095 (10th Cir.2005)), but also because "there is a presumption

against removal jurisdiction[; thus], doubtful cases must be resolved in favor of remand." *Id.*

(citing *Baby C*, 138 Fed.Appx. at 83; *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir.

1995)).

To ensure federal jurisdiction is evident, the District Court must "exercise 'prudence and

restraint'" in determining whether a substantial federal question is present in a Complaint that

involves state law claims. *Nicodemus v. Union Pacific Corp.*, 318 F.3d 1231, 1236 (10th

Cir.2003) (quoting *Merrill Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 810 (1986)).

Moreover, in deciding whether a Complaint includes such a federal question, "**only the**

**complaint should be examined, and, indeed, only those parts of the complaint directly and**

**necessarily relating to the plaintiff's cause of action should be considered.**" *Mescalero*

*Apache Tribe v. Martinez*, 519 F.2d 479, 481 (10th Cir.1975) (emphases added). Statements

included in a Complaint that are ancillary to a plaintiff's cause of action, including those which

serve to anticipate or reply to a possible defense, are to be disregarded. *Id.*

## B.     *Determining Federal Question Jurisdiction.*

For a cause of action to arise under federal law and, therefore, be subject to this Court's

jurisdiction under § 1331 (and removable under § 1441(b)), the federal question must be

apparent on the face of the well-pleaded Complaint. *Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1245 (10th Cir.2001).  *See also Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,* 535 U.S. 826, 830 (2002).  As the *Shockley* Court elaborated:

> Under the "well-pleaded complaint rule," **a suit "arises under federal law 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law**." *Turgeau v. Administrative Review Board,* 446 F.3d 1052, 1060 (10th Cir.2006) (quoting *Schmeling v. NORDAM,* 97 F.3d 1336, 1339 (10th Cir.1996)).  <u>**The plaintiff is the "master of the claim and may prevent removal by choosing not to plead a federal claim even if one is available**</u>." *Id.* <u>**Thus, a plaintiff "may avoid federal question jurisdiction by exclusive reliance on state law.**</u>" *City of Park City v. Rural Water Dist. No. 2,* 960 F.Supp. 255, 257 -258 (D.Kan.1997) (citing *Caterpillar, Inc.,* 482 U.S. at 392). A defendant cannot "change the character of a plaintiff's case" by inserting allegations of a federal nature in the petition for removal. *Warner Brothers Records, Inc. v. R.A. Ridges Distributing Company, Inc.,* 475 F.2d 262, 264 (10th Cir.1973).

*Shockley*, 2010 WL 3081528 at *2 (emphases added).

However, the well-pleaded complaint rule does not only require a review of the Complaint.  It also requires a review of substantive federal law alleged to be implicated by the Complaint to ensure that a federal question has actually been posed:

> [S]ection [1331] confers jurisdiction over cases "arising under" federal law.  <u>For a case to arise under federal law, the federal question must be apparent on the face of a well-pleaded complaint, and Plaintiff's cause of action must be created by federal law</u> **or, if it is a state-law cause of action, its resolution must necessarily turn on a substantial question of federal law, and that federal law in turn must create *a private cause of action***. *Merrell Dow Pharms. v. Thompson,* 478 U.S. 804, 808, 811-12, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

*Rice*, 260 F.3d at 1245 (emphases added).  Stated another way in *Nicodemus*:

> Federal-question jurisdiction exists for all claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.' " *Morris*, 39 F.3d at 1111 (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 27-28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). **Thus, to find jurisdiction under 28 U.S.C. § 1331, <u>two conditions</u> must be satisfied. <u>First</u>, a question of federal law must appear on the face of plaintiff's well-pleaded complaint**. *Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1245 (10th Cir.2001). **<u>Second</u>, plaintiff's cause of action must either be (1) created by federal law, or (2) if it is a state-created cause of action, "its resolution must necessarily turn on a substantial question of federal law."** *Id.* (citing *Merrell Dow Pharms. Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986)). **"A court examining whether a case turns on a [substantial] question of federal law [must] focus on whether Congress evidenced an intent to provide a federal forum."** *Morris*, 39 F.3d at 1111 (citation omitted).

*Nicodemus*, 318 F.3d at 1236 (emphases added; citations omitted).[4]   Therefore, in order to support a finding of federal question jurisdiction, the face of the Complaint must show that "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Shockley*, 2010 WL 3081528 at *3 (citing *Franchise Tax Board,* 463 U.S. at 28).   As the *Shockley* Court poignantly noted:

> **It is not enough that the plaintiff mentions a federal law, as the "mere reference to some aspect of federal law in the complaint** does not automatically mean that an action is removable."</u> 14B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper and Joan E. Steinman, *Federal Practice and Procedure* § 3722 (4th ed. 2009) ("Wright & Miller). "<u>[T]here must be a **substantial federal question that is an integral element of the plaintiff's claim for relief, not merely an**

---

[4]   *See also O'Donnell v. Blue Cross Blue Shield of Wyoming*, 173 F.Supp.2d 1176, 1179 (D.Wyo.2001) (citing *Rice* and dismissing for lack of subject matter jurisdiction under § 1331).

> **ancillary federal issue or a claim that, properly analyzed, arises only under state law**." *Id.* (emphasis added).

*Id.* (emphases added).[5]   *See also Crow v. Wyoming Timber Products Co.*, 424 F.2d 93, 96 (10th Cir.1970) (finding, in a replevin suit brought against the purchaser of timber after a federal tax sale, that the jurisdictional basis for removal—*i.e.*, the seizure and sale of timber under federal law—was flawed because plaintiff's action was in replevin against a purchaser of the timber *not* against the government for wrongful levy or sale).[6]

## C.   *Analysis of Plaintiffs' Complaint under Rice and Nicodemus.*

In this action Plaintiffs' *Complaint* contained **a singular, ancillary reference to T.A.R.P.** in Paragraph 42.   That reference provided no support to any of Plaintiffs' state-law claims for relief which were later alleged in ¶¶ 96-146 of the *Complaint*.[7]   In no manner does the

---

[5]   *See also Nicodemus*, 318 F.3d at 1236 (as a question of federal law must be a necessary element to the claim, the mere presence of a federal issue in a state cause of action is insufficient to confer federal question jurisdiction; federal question jurisdiction can only exist "where 'some substantial, disputed question of federal law is a **necessary element** of one of the well-pleaded state claims,'" emphases added, quoting *Merrill Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986)); *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27-28 (1983) (federal courts only have jurisdiction to hear removed case in which a "well-pleaded complaint establishes that…plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law"); *Image Software v. Reynolds and Reynolds Co.*, 459 F.3d 1044, 1049 & n.5 (10th Cir.2006) (case 'arises under' federal law under § 1331 when the plaintiff's right to relief **necessarily depends on** resolution of a substantial question of federal law).

[6]   Similarly, *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555 (6th Cir.2007), concerned a shareholder's suit against a corporation that merely referenced federal tax law in the complaint.   As in *Crow*, the Sixth Circuit held that a mere reference to federal law in a complaint *could not confer* federal jurisdiction when the underlying cause of action concerned simple state law breach of contract and fraudulent misrepresentation claims.   *See id.* at 560-63.

[7]   This Court's *Order Setting Status Conference* **[Dkt #9]** appears to concur.   There, this Court has, *sua sponte*, set an October 1, 2010 status conference to address facially-deficient subject matter jurisdiction supporting neither removal nor the continued administration of this action in its present

dispute Plaintiffs brought to the state court system involve a substantial question of federal law, and in resolving the claims Plaintiffs presented in their *Complaint*, the state court will not be called upon to interpret either T.A.R.P. or the EESA; rather, Plaintiffs' claims will, ultimately, be analyzed under state statutory and common law. Therefore, in this Court's review of only the *Complaint* and those parts of the *Complaint* that directly and necessarily relate to Plaintiffs' cause of action (as noted in *Mescalero Apache Tribe*), Defendant cannot meet the first of the elements in *Rice* or *Nicodemus* and show that a federal question is apparent on the face of the *Complaint* or that resolution of Plaintiffs' state-law cause of action necessarily turns on a substantial question of federal law.

Notwithstanding this fact, Defendant fails to recognize that, even assuming, *arguendo*, the reference to T.A.R.P. could somehow provide for a federal question, the EESA and its T.A.R.P. provisions **do not confer a private right of action**, which means Defendant cannot meet the second set of elements in *Rice* and *Nicodemus*. In examining whether a Complaint is based on a substantial question of federal law, the Court must focus on whether Congress actually intended to provide a federal forum for the issue. *Nicodemus*, 318 F.3d at 1235-36. In respect to the issues pled by the Plaintiffs, no intent is present and a federal cause of action cannot be sustained.

---

federal court forum. *See Order Setting Status Conference* ("Having reviewed these filings, the Court is not yet aware of specific allegations, either in Plaintiffs' Complaint, Doc. No. 2, or in S&T *Statement*…, sufficient to invoke its subject matter jurisdiction pursuant to 28 U.S.C. § 1331…."). Following receipt of this Order, Plaintiffs' counsel attempted to resolve the issue with defense counsel through a joint motion to remand and agreed order, all to no avail and, thus, necessitating the filing of this Motion.

Courts appear unanimous in their construction of the EESA and T.A.R.P. in holding that those laws provide no private right of action.  In *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp.2d 1177 (N.D.Cal.2009), the District Court held:

> The Emergency Economic Stabilization Act, 12 U.S.C. § 5201 *et seq*., states that its purpose is to restore "liquidity and stability to the financial system of the United States." Congress provided the Secretary of the Treasury with the authority and the facilities to carry out the purpose of preserving home ownership, among other objectives of the act.  The Secretary's authority is checked by oversight committees and judicial review is outlined within the statute.  All actions of the Secretary are reviewable for any "final agency action for which there is no adequate remedy in court."
>
> In creating TARP, Congress gave a private right of action to those specifically harmed by TARP to challenge the actions of the Secretary.  This right of action is limited to causes of action to which there is no other adequate remedy in court.  These provisions give those affected directly by the Secretary's action to bring a case in court against him, **but nowhere in the judicial review section is there a mention of a right of action against non-governmental entities**.  Thus, **the Court finds that there is no express private right of action against TARP fund recipients.**

*Id.* at 1185 (internal citations omitted; emphases added).  As the Court found, the EESA (specifically 12 U.S.C. § 5229) demonstrates "Congress' intent to limit private action under T.A.R.P. solely to actions against the Secretary…and not extend any obligations or liabilities to those receiving TARP funds." *Id.*  Accordingly, no implied private right of action exists for an individual to sue a recipient of federal funds under TARP. *Id.*

In *Bank v. Homes by Williamscraft, Inc.*, 2009 WL 3753585 (N.D.Ga.), the District Court there similarly found that T.A.R.P. does not create an "express private right of action" against financial institutions who received funds from the federal government, and, moreover, there is no

affirmative evidence to demonstrate that such a right was actually intended by Congress. *Id.* at *2. Instead, the statute providing for judicial review under T.A.R.P. (§ 5229) allows individuals specifically harmed by the Program to challenge a particular action or decision *by the Secretary of the Treasury. Id.*   The statute, however, includes no statement enabling a private right of action against institutions who receive federal funds for disbursement under T.A.R.P.,[8] *id.*, and one does <u>not</u> exist.  *See Santos v. Countrywide Home Loans*, 2009 WL 3756337 at *3 (E.D.Cal.) (EESA does not provide for a private right of action); *Manabat v. Sierra Pacific Mortg. Co., Inc.*, 2010 WL 2574161 at *11 (E.D.Cal.) (no implied right of action under T.A.R.P.); *Gonzalez v. First Franklin Loan Services*, 2010 WL 144862 at *18 (E.D.Cal.) (no private right of action under the EESA or T.A.R.P.); *Logan v. U.S. Bank Nat'l Ass'n.*, 2010 WL 1444878 at *9-10 (C.D.Cal) (no private right of action); *Robinson v. Wells Fargo Bank, N.A.*, 2010 WL 2534192 at *6 (D.Ariz.) (same); *Wachovia Bank, Nat'l Ass'n. v. Lone Pine, Inc.*, 2010 WL 2553880 at *2 (N.D.Ga.) (same); *Wallace v. Bank of America*, 2010 WL 2574058, *3 (D.N.H.) (same; collecting cases); *Chancey v. Washington Mut. Assetbacked Certificates WMABS Series 2007-HE2 Trust Issuing Entity*, 2010 WL 3001178 *4 (D.Or.) (same); *Dugger v. Bank of America/Countrywide Loans*, 2010 WL 3258383 at *2 (E.D.Mo.) (same); *Wells Fargo Bank, N.A. as Trustee v. Riverview East Windsor, LLC*, 2010 WL 3584365 at *2 (Conn.Super.) (citing *Pantoja*, no private right of action under T.A.R.P.).

---

[8]   "Statutes that expressly provide for a private right of action identify the person(s) able to bring suit, those that are potentially liable, the forum for suit, and the potential remedy available. *See Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 166, 128 S.Ct. 761, 169 L.Ed.2d 627 (2008)." *Logan v. U.S. Bank Nat. Ass'n*, 2010 WL 1444878 at *6 (C.D.Cal.).

In their *Complaint* Plaintiffs have not alleged any claim for relief against the Secretary of the Treasury under the EESA or T.A.R.P.  Likewise, they have not alleged any claim for relief in which they seek to impose liability against Defendant for failing to pay T.A.R.P. funds it received from the Treasury to Plaintiff's managing general partners, BDE or BDED.[9]  Without a private right of action under both the EESA and T.A.R.P., Plaintiffs could never have sustained a cause of action against a non-governmental institution like Defendant under those provisions, and, likewise, that fact defeats removal and subject matter jurisdiction.

Without an express or implied right of action under T.A.R.P., the general factual averments of Paragraph 42 cannot invoke this Court's federal question jurisdiction in Defendants' removal efforts.  Plaintiffs never sought any relief under federal law but, instead, have specifically alleged seven independent causes of action that arise solely under state law.  Plaintiffs' inclusion of Paragraph 42 in the *Complaint* simply provided an additional factual

---

[9]     One point bears clarification.  As indicated *supra*, the lender-creditor/borrower-debtor relationship alleged in the *Complaint* was between Defendant, on the one hand, and BDE/BDED, on the other hand.  Plaintiffs have never alleged any direct lender/borrower privity between them and Defendant or that Defendant ever loaned the Plaintiffs money.  They certainly have never alleged that Plaintiffs, let alone BDE or BDED, were entitled to receive, or were wrongfully denied, any share of T.A.R.P. funds Defendant may have received from the Treasury Department under the EESA.

Defendant's *Statement*, besides its self-serving nature and the fact its contentions may not be reviewed in connection with a subject matter jurisdiction analysis, is as inaccurate and imprecise as Defendant's stated basis for removal jurisdiction.  This is particularly clear when Defendant states that "Plaintiffs' complaint alleges that Defendant breached certain duties to Plaintiffs with respect to Defendant's alleged refusal to lend monies to Plaintiffs who were experiencing serious financial difficulties" (*Statement* ¶ 5), and that "Plaintiffs have alleged that Defendant received money from…[T.A.R.P.]…and violated contractual as well as fiduciary duties to Plaintiffs by not lending TARP monies to Plaintiffs," and that "Plaintiffs have alleged that…Defendant became the alter ego of the general partners of Plaintiffs' [sic] limited partnerships and thereby assumed a special legal duty and responsibility to take actions for the benefit of the Plaintiffs…including making TARP monies available to Plaintiffs." *Id.*

backdrop for their cause of action, and did not support claims for relief later asserted in that pleading in any substantive fashion.  Those claims for relief did not reference, even indirectly, *any* federal law let alone the EESA or T.A.R.P., and at most, inclusion of this factual statement was made to anticipate the likely defense or position Defendant will raise that its actions were justified due to financial insecurity during the time in question.[10]  Without a substantial question of federal law appearing on the face of Plaintiffs' *Complaint*, on which the resolution of Plaintiffs' cause of action depends, and because the EESA and T.A.R.P. neither expressly nor implicitly provide a private right of action, subject matter jurisdiction is non-existent and this action must be remanded.

### II.  PLAINTIFFS SHOULD BE REIMBURSED THEIR COSTS AND ATTORNEYS' FEES INCURRED AS A RESULT OF DEFENDANT'S IMPROVIDENT REMOVAL.

Under § 1447(c), this Court is given discretion to award costs and reasonable attorneys' fees incurred by Plaintiffs, the non-removing parties, upon remand.  That subsection provides:

> An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

*Id.*  The statute affords courts a great deal of flexibility in fashioning awards of litigation expense incurred as a result of the removal.  *Children's Village v. Greenburgh Eleven Teachers' Union Fed. of Teachers, Local 1532*, 867 F.Supp. 245, 248 (S.D.N.Y.1994) (citing *Morgan Guar. Trust Co. of N.Y. v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir.1992)).  It does not require a finding

---

[10]   *See Mescalero Apache Tribe*, 519 F.2d at 481 (statements included in a Complaint that are ancillary to the plaintiff's cause of action, including those which serve to anticipate or reply to a possible defense, are to be disregarded).

of bad faith, thus, reflecting Congress' intent that it serve a remedial, not punitive, purpose. *Shrader v. Legg Mason Wood Walker, Inc.*, 880 F.Supp. 366, 368 (E.D.Pa.1995) (collecting cases). *See also Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1189 (10th Cir.2004) (court not required to find "bad faith" removal as prerequisite to award), *aff'd*, 546 U.S. 132 (2005).

The standard for awarding such expenses and fees turns on the *reasonableness* of Defendant's removal and whether there was a justifiable or proper basis for removal. Absent unusual circumstances, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp*, 546 U.S. 132, 141 (2005) (citing *Hornbuckle v. State Farm Lloyds,* 385 F.3d 538, 541 (5th Cir.2004), and *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290, 293 (5th Cir.2000)). "The standard is not whether the basis for the removal was merely 'colorable;' the central inquiry is the 'propriety' of the removal, a standard much different than 'colorable.' A removal is proper only if it is legitimate." *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1353 (10th Cir.1997). If the removing party had no objectively reasonable grounds to believe removal was legally proper when it was effectuated, then the cost-shifting provisions of § 1447(c) come into play. *City of Neodesha, Kansas v. BP Corp. North America, Inc.*, 355 F.Supp.2d 1182, 1190 (D.Kan.2005).[11] *See also Oklahoma Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, 149 Fed.Appx. 775, 777-78 (10th Cir.2005) (affirming the district court's § 1447(c) award). The burden for demonstrating jurisdiction was proper to support removal lies with the party seeking removal.

---

[11]   An award of attorneys' fees under § 1447(c) must be reasonable. *City of Neodesha, Kansas*, 355 F.Supp.2d at 1190 (citing *Huffman v. Saul Holdings Ltd. Partnership*, 262 F.3d 1128, 1134 (10th Cir.2001)).

*Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 916 (6th Cir.2007); *Laughlin*, 50 F.3d at 873.

In this case the *Complaint* painted a clear picture of a pure state-law cause of action. That pleading stated no federal question nor did it provide for diversity jurisdiction.[12]  The fact that the *Complaint* contained a singular, general reference to T.A.R.P. as an ancillary matter could provide Defendant with no objectively reasonable basis to support removal jurisdiction under 28 U.S.C. § 1441(b) or demonstrate that this Court possesses subject matter jurisdiction under *id.* § 1331.  As a result, upon remand of this action to the District Court of Johnson County, Wyoming, this Court should assess an award of costs and reasonable attorneys' fees against Defendant and allow Plaintiffs to file their bill of costs and fee application so this Court can determine the amount of such award.

## CONCLUSION

Defendant's removal of this action from state court was improvident and improper.  Not only did Plaintiffs' well-pled *Complaint* fail to articulate any federal questions, but the alleged "federal question" that Defendant proffered as the basis for removal and subject matter jurisdiction (*i.e.*, the T.A.R.P. provisions of the EESA) fails because the EESA and T.A.R.P. provide for no private right of action.  Defendant, as the bearer of the burden in proving

---

[12]   In fact, anticipating a possible attempt at removal based upon diversity jurisdiction under 28 U.S.C. § 1441(a) and in an attempt to short-circuit such action, Plaintiffs specifically pled facts in their *Complaint* that alerted Defendant to the non-diverse nature of the parties.  *Complaint* ¶¶ 2-4 (citing *Carden v. Arkoma Associates*, 494 U.S. 185 (1990)).  Following service, defense counsel communicated with Plaintiffs' counsel about that issue, and at Defendant's request, Plaintiffs volunteered the identity of at lease one limited partner domiciled in Pennsylvania, showing Defendant that the parties were non-diverse.  Removal under 28 U.S.C. §§ 1441(b) and 1331 then ensued instead.

jurisdiction, cannot meet that burden under *Rice*, *Nicodemus* or other controlling precedent on the issue of removal jurisdiction, subject matter jurisdiction and remand, and as a result, this action should be remanded back to the state court where it was originally and appropriately filed and Plaintiffs awarded their expenses incurred in connection with the removal and remand.

WHEREFORE, Plaintiffs pray that this Court: (i) remand the instant action to the District Court of Johnson County, Wyoming (Fourth Judicial District), (ii) enter its order remanding the action and include an award to Plaintiffs of their costs and attorneys' fees incurred as a result of the removal and the effort to remand the action, and (iii) grant Plaintiffs such other and further relief as the Court deems just and proper.

Respectfully submitted,

**OF COUNSEL:**
Mark A. Waller*
David H. Herrold*
**SNEED|LANG|HERROLD PC**
1700 Williams Center Tower I
One West Third Street
Tulsa, Oklahoma 74103
tel 918·588·1313 | fax 918·588·1314
E-mail:  mwaller@sneedlangherrold.com
        dherrold@sneedlangherrold.com
*pro hac vice admission pending or to be sought

__s/*Greg L. Goddard*_____
Greg L. Goddard (Wyoming Bar #5-1252)
GODDARD, WAGES & VOGEL, P.C.
412 North Main Street
Buffalo, Wyoming 82834
tel (307) 684-9595 | fax (307) 684-9285
E-mail:  gwv@wyoming.com


**COUNSEL FOR THE PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 27th day of September, 2010, a true and correct copy of the above and foregoing instrument was delivered to the Court via the CM/ECF System and thereby served upon counsel via electronic transmission as follows:

Stuart R. Day, Esq.
Ryan Schwartz, Esq.
159 North Wolcott, Ste. 400
Casper, WY 82601
*Counsel for Defendant*

*/s/ Greg L. Goddard*